```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Kenneth L. Watkins,             :

        Plaintiff,               :

    v.                           :      Case No. 2:14-cv-1365

Sue Rena Conn, et al.,           :      JUDGE MICHAEL H. WATSON
                                        Magistrate Judge Kemp
        Defendants.               :
```

REPORT AND RECOMMENDATION
AND ORDER

I.  REPORT AND RECOMMENDATION

Plaintiff Kenneth L. Watkins filed his complaint in this case on August 27, 2014, and named Sue Rena Conn, Deborah Lockridge Hunt, Frank Payne, and Raymond Pugh as defendants. On September 9, 2014, Mr. Watkins moved to amend his complaint. His motion, in its entirety, reads as follows:

> The names of Deborah Lockridge-Hunt, Frank Payne and Raymond Pugh to be removed as defendants as earlier stated I wish for them to be witnesses only and change Title 7, to Title 1331-FMLA.

Mr. Watkins also captioned his motion as Kenneth L. Watkins v. Sue Conn, and the U.S. Postal Service.

The motion to amend was granted by order dated September 26, 2014. On January 22, 2015, the Court issued an order noting that Mr. Watkins had not filed proof of service on the United States Postal Service. The order directed Mr. Watkins to show cause as to why the defendant United States Postal Service should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

On February 2, 2015, Mr. Watkins filed a response to the show cause order. His response does not address the issue of service on the United States Postal Service. Rather, his

response suggests that he interpreted the show cause order as requiring him to produce evidence in support of his claims.

Mr. Watkins' response to the show cause order, read together with the language of his motion to amend, leads the Court to conclude that it is not Mr. Watkins' intention to name the United States Postal Service as a defendant, despite his having included such a reference in the caption of his motion.  Rather, based on Mr. Watkins' filings, the Court finds that he intends to pursue his claims against Ms. Conn as the sole defendant.  Consequently, to the extent that the original complaint or the amendments can be read as asserting any claims against Deborah Lockridge Hunt, Frank Payne, Raymond Pugh or the United States Postal Service, the Court will recommend that these claims be dismissed without prejudice.

## II.  ORDER

This brings the Court to Ms. Conn, the remaining defendant.  The original complaint naming Ms. Conn as a defendant was filed on August 27, 2014.  According to the Court's docket (Doc. 7), a summons was returned executed as to Ms. Conn on September 25, 2014.  The return receipt indicates a delivery date of September 15, 2014 and contains the signature of N. Whittaker.  However, according to the allegations of the complaint, Ms. Conn is an employee of the United States Postal Service.  The Federal Rules of Civil Procedure set forth specific provisions for service on an employee of the United States.  See Fed.R.Civ.P. 4(i).  For example, to serve a United States employee sued in an official capacity, a party must serve the United States and send a copy of the summons and complaint by registered or certified mail to the employee.  See Fed.R.Civ.P. 4(i)(2).  To serve a United States employee sued in an individual capacity, a party must serve the United States and serve the employee under Rule 4(e).  See Fed.R.Civ.P. 4(i)(3).  To serve the United States, a party must deliver a copy of the summons and complaint to the United States

attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and send a copy by registered or certified mail to the Attorney General of the United States at Washington, D.C.  See Fed.R.Civ.P. 4(i)(1).  There is no evidence that Ms. Conn was served in accordance with these provisions.

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 120
> days after the complaint is filed,
> the court – on motion or on its own
> after notice to the plaintiff -
> must dismiss the action without prejudice
> against that defendant or order that service
> be made within a specified time. But if the
> plaintiff shows good cause for the failure,
> the court must extend the time for service
> for an appropriate period.

Consequently, the Court will order that Mr. Watkins show good cause within fourteen days of the date of this order why this action should not be dismissed as to Ms. Conn and why an extension of time to effect service should be allowed.  The good cause showing must be supported with sworn affidavits.  Mr. Watkins is advised that he is not required in his response to come forward with evidence relating to the merits of his claims, but merely needs to explain his efforts to serve a copy of the summons and complaint on Ms. Conn in accordance with Fed.R.Civ.P. 4.

### III.  RECOMMENDED DISPOSITION AND ORDER

For the reasons stated above, the Court recommends that any claims against Deborah Lockridge Hunt, Frank Payne, Raymond Pugh and the United States Postal Service be dismissed without prejudice.

Plaintiff shall show good cause within fourteen days of the date of this order why this action should not be dismissed and why an extension of time to effect proper service on Ms. Conn should be allowed.

PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge