UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kenneth L. Watkins,**

    **Plaintiff,**

    v.                                   Case No. 2:14–cv–1365

**Sue Rena Conn,** *et al.,*               Judge Michael H. Watson

    **Defendants.**

### OPINION AND ORDER

Kenneth L. Watkins ("Plaintiff") initiated this civil rights case on August 26, 2014 against Sue Rena Conn ("Conn"), Deborah Lockridge Hunt ("Hunt"), Frank Payne ("Payne") and Raymond Pugh ("Pugh"). Thereafter, he moved to amend the complaint to remove Hunt, Payne, and Pugh as defendants, stating he wished for them to be witnesses only. Mot. 1, ECF No. 5. The case caption of that motion listed Conn as a defendant but also, for the first time, listed the United States Postal Service ("USPS") as a defendant. *Id.*

Magistrate Judge Abel granted Plaintiff's motion to amend, Order 1, ECF No. 8. After Plaintiff failed to file proof of service of the summons and complaint on the USPS, Magistrate Judge Abel ordered Plaintiff to show cause as to why the USPS should not be dismissed for failure to serve. Order 2, ECF No. 11. Plaintiff's response to the Order to show cause addressed only the merits of his case against Conn and did not explain his failure to timely serve the USPS except to say that he "didn't realize [he] missed the 120 days [he] was given to

produce any evidence that [he had] to the courts," which, in any event, reflects a misunderstanding of Magistrate Judge Abel's show cause Order. ECF No. 12.

Upon Magistrate Judge Abel's retirement, the case was reassigned to Magistrate Judge Kemp, who issued a Report and Recommendation ("R&R"). The R&R concluded that a liberal reading of Plaintiff's motion to amend and response to Magistrate Judge Abel's show cause Order indicated that Plaintiff did not intend to name the USPS as a defendant. R&R 2, ECF No. 14. Because Magistrate Judge Kemp concluded Plaintiff intended to pursue claims against only Conn, he recommended dismissing any claims purportedly brought against Hunt, Payne, Pugh, or the USPS. *Id.*

With respect to Plaintiff's claims against Conn, Magistrate Judge Kemp noted that Plaintiff alleged Conn was an employee of the USPS. *Id.* He further noted that the Federal Rules of Civil Procedure set forth specific provisions for service on an employee of the United States, and there is no evidence Plaintiff served Conn in accordance with those provisions. *Id.* at 2–3. In accordance with Rule 4(m), Magistrate Judge Kemp ordered Plaintiff to show good cause as to why the action should not be dismissed against Conn and why an extension of time to perfect service should be allowed. *Id.* at 3.

Judge Kemp notified the parties of their right to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The R&R further specifically advised the parties that the failure to object to the R&R within fourteen days would result in a waiver of the right to *de novo* review

by the District Judge as well as a waiver of the right to appeal the decision of the District Court adopting the R&R. *Id.* at 4.

Plaintiff timely "objected," ECF No. 15. His "objection," however, did not address Judge Kemp's recommendation that this case be dismissed for failure to serve and rather continued to argue the merits of his case against Conn.

Consistent with Rule 72(b), the Undersigned must determine *de novo* only those portions of an R&R which have been properly objected to. Fed. R. Civ. P. 72(b)(3). Because Plaintiff did not properly object to Magistrate Judge Kemp's R&R, the Undersigned declines to conduct a *de novo* review, **ADOPTS** the R&R, ECF No. 14, and **DISMISSES** the case without prejudice. The Clerk shall terminate the case.

**IT IS SO ORDERED.**

*Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**